```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


DONALD G. JONES                              CIVIL ACTION


VERSUS                                       NO: 12-12


LOUISIANA STATE BAR                          SECTION: J(3)
ASSOCIATION, ET AL
```

**ORDER & REASONS**

    *Pro se* Plaintiff Donald G. Jones brings this action seeking recovery of $50 billion for the victims of Hurricane Katrina and Hurricane Rita, $22 million in personal damages, and extensive injunctive relief against a variety of persons involved in various hurricane relief efforts and actions affecting his Louisiana properties.  Among the defendants named in Plaintiff's lawsuit are the District of Columbia Bar Association, the Louisiana State Bar Association, several law firms and a number of individual attorneys, various state law enforcement officials, and at least two federal judges.

    Plaintiff originally filed this lawsuit in the United States District Court for the District of Columbia.  After dismissing Plaintiff's claims against the Defendants located in District of

Columbia, the court transferred the case to this Court pursuant to 28 U.S.C. § 1406(a) for further disposition.[1]  While the case was pending, and before the Louisiana defendants named in Plaintiff's suit had been served, Plaintiff filed two motions for temporary restraining orders, which the Court denied as frivolous or otherwise unintelligible.[2]

   Having reviewed the allegations of Plaintiff's Complaint, the Court finds that his claims should be dismissed.  The terms of 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) authorize a federal court to dismiss an action in which the plaintiff is proceeding *in forma pauperis*, as Plaintiff is here, at any time if the court determines that the action is "frivolous or malicious."  This standard allows a court to review and dismiss *sua sponte* any claim premised upon untenable legal theories or which lacks any arguable basis in fact.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  The Fifth Circuit has clarified that a claim is frivolous where "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'"  <u>Harris v. Hegmann</u>, 198 F.3d 153, 156 (5th Cir. 1999)(quoting <u>Eason v. Thaler</u>, 14 F.3d 8, 9 n.5 (5th Cir. 1994).

---

[1] <u>See</u> Rec. Docs. 42; 43.

[2] <u>See</u> Rec. Docs. 57-58; 60-61.

Here, the Court finds that Plaintiff's claims are manifestly frivolous. The sprawling allegations of his 143-page Complaint levy a variety of claims against a vast number of defendants – 129, by the Court's count -- but the gist of these allegations is that each of the named defendants conspired in broad conspiracies and other allegedly unlawful acts, the effect of which was to benefit only private interests and to deprive the "true" victims of Hurricane Katrina from obtaining federal disaster relief funds. Even granting a degree of leniency because Plaintiff is proceeding *pro se*, the Court finds these allegations are fanciful, fantastic, and somewhat delusional. "*Pro se* status does not give plaintiffs a prerogative to file meritless claims." Olstad v. Collier, 205 F. App'x 308, 310 (5th Cir. 2006) (citing Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986). Accordingly,

**IT IS ORDERED** that Plaintiff's claims are hereby **DISMISSED** with prejudice.

New Orleans, Louisiana, this 16th day of March, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE